UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN PELICAN BAY STATE PRISON,<br><br>        Defendant. | Case No. 19-cv-01271-VC (PR)<br><br>**ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(G)** |

      Willie Weaver, a state prisoner at Folsom State Prison in Represa, has filed a complaint alleging civil rights violations under 42 U.S.C. § 1983 against the warden and unnamed correctional officers at Pelican Bay State Prison, where he was previously incarcerated.

      The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action in forma pauperis ("IFP") under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If a plaintiff has three strikes under § 1915(g), he may still proceed IFP if he can show that he was in imminent danger at the time of filing his complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

      A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action. *Tierney v. Kupers*, 128 F.3d 1310, 1311 (9th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

      Plaintiff has filed many cases in federal court. *In re Willie Weaver*, No. C 14-0046 RS (PR), lists four prisoner complaints dismissed by a federal court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. These cases

are: (1) *Weaver v. Pelican Bay State Prison*, No. C 04-3077 (JW) (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) *Weaver v. Nimrod*, No. C 04-3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) *Weaver v. Pelican Bay State Prison Mail Room*, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); and *Weaver v. Daniel*, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same).

Although Weaver has not yet moved to proceed IFP, because the dismissals of at least four of Weaver's past cases qualify as strikes under § 1915(g), he may proceed IFP only if he is seeking relief from a danger of serious physical injury which was "imminent" at the time of filing his complaint. *See Andrews*, 493 F.3d at 1053.

The complaint alleges that, in 2004, correctional officers at Pelican Bay used unnecessary force to place Weaver into a cell with another inmate. Because Weaver now is incarcerated at Folsom State Prison in Represa, he does not face a substantial risk of serious harm from officers at Pelican Bay who allegedly used unnecessary force fifteen years ago.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

(1) This case is dismissed without prejudice to Weaver filing a new complaint with the full $400 filing fee.

(2) The Court certifies that any appeal taken from this order is not taken in good faith. *See* 28 U.S.C. § 1915 (a)(3).

(3) The Clerk shall enter judgment and close the file. The Clerk shall not file any further documents Weaver submits in this case, but shall mark them received and return them to him.

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
VINCE CHHABRIA
United States District Judge